UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUIS JAVIER NINO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-04479-JMS-DLP ) |
| CHRYSLER FCA US LLC, | ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Luis Javier Nino's Employment Discrimination Complaint alleges that he was wrongfully terminated from Chrysler FCA US LLC ("Chrysler") in violation of Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 621, 42 U.S.C. § 12101, 29 U.S.C. § 701, and 42 U.S.C. § 1981. [*Nino II*, Filing No. 1.] Chrysler now moves to dismiss Mr. Nino's employment discrimination complaint based upon the doctrine of res judicata, arguing that Mr. Nino previously litigated these same claims in an earlier case.[1] [*Nino II*, Filing No. 24.] Mr. Nino did not respond to Chrysler's motion to dismiss before the deadline expired on July 23, 2018, and to date has not filed a response to Chrysler's Motion. Instead, well after the deadline had passed, Mr. Nino moved for leave to proceed in forma pauperis, [*Nino II*, Filing No. 28], and for assistance with recruiting counsel, [*Nino II*, Filing No. 29]. For the following reasons, the Court **GRANTS** Chrysler's Motion to Dismiss and **DENIES** Mr. Nino's Motions for Leave to Proceed In Forma Pauperis and for Assistance with Recruiting Counsel.

---

[1] Throughout this opinion, the Court refers and cites to Mr. Nino's first case, No. 1:16-cv-02972-TWP-DML, as "*Nino I*." The Court refers to this case as "*Nino II*."

# I.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court may not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Finally, while the Court must "construe *pro se* filings liberally," *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017), "even *pro se* litigants must follow rules of civil procedure," *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

# II.
## BACKGROUND

The following facts are drawn from Mr. Nino's pleadings in this case and in his earlier-filed case, and are accepted as true for the purpose of deciding the Chrysler's Motion to Dismiss.

### A. *Nino I* Complaint

Prior to filing the present case, Mr. Nino filed a complaint against "Chrysler" on November 1, 2016, alleging wrongful termination in violation of the aforementioned statutes, Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 621, 42 U.S.C. § 12101, 29 U.S.C. § 701, and 42 U.S.C. § 1981, in addition to an alleged "flag code violation." [*Nino I*, Filing No. 1.] Mr. Nino alleged that he was terminated from his employment with Chrysler because he was accused of calling a coworker a derogatory name, as well as for complaining about what he believed was the improper display of the American flag. [*Nino I*, Filing No. 1.] On December 21, 2016, Mr. Nino's claim was dismissed for failing to state claim to relief. [*Nino I*, Filing No. 5.] Finally, on March 8, 2017, Mr. Nino's Motion for Reconsideration was denied for failure to demonstrate entitlement to relief under Federal Rule of Civil Procedure 60(b). [*Nino I*, Filing No. 8.]

### B. *Nino II* Complaint in this Lawsuit

On December 4, 2017, Mr. Nino filed a complaint against "Chrysler/FCA US LLC," listed as having the same Kokomo, Indiana address as "Chrysler" from *Nino I*. [*Nino II*, Filing No. 1 at 1.] As in *Nino I*, Mr. Nino alleges that Chrysler wrongfully terminated his employment in violation of Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 621, 42 U.S.C. § 12101, 29 U.S.C. § 701, and 42 U.S.C. § 1981, based on a false accusation that he called a coworker a derogatory name. [*Nino II*, Filing No. 1 at 1-2.] Mr. Nino also alleges that he had been fired once before after he was falsely accused of "chest bumping and poking" two union officials, and because he "stood up" for the American flag, which he believed was being improperly displayed at Chrysler. [*Nino II*, Filing No. 1 at 2.]

Since filing this lawsuit, the Court has provided Mr. Nino with several opportunities to obtain counsel, postponing the initial pretrial conference by over two months to accommodate his

efforts to retain counsel. [*Nino II*, Filing No. 15; *Nino II*, Filing No. 18.] Furthermore, the Court has reminded Mr. Nino on numerous occasions of his obligation to comply with Court orders and deadlines. On April 24, 2018, Mr. Nino failed to appear for an in-person status conference. [*Nino II*, Filing No. 16.] On August 6, 2018, at a status conference, the Court reminded Mr. Nino that he was required to participate in discovery and explained the possible sanctions for failure to comply with Court orders and deadlines. [*Nino II*, Filing No. 27.] Finally, following another status conference at which the Court again reminded Mr. Nino of his obligations to comply with discovery, case deadlines, and Court orders, [*see Nino II*, Filing No. 30], on September 6, 2018, Mr. Nino filed his Motion for Assistance with Recruiting Counsel, [*Nino II*, Filing No. 29], and Motion for Leave to Proceed In Forma Pauperis, [*Nino II*, Filing No. 28].

In light of Mr. Nino's failure to respond to Chrysler's Motion to Dismiss, Chrysler's Motion to Dismiss and Mr. Nino's pending motions are ripe for review.

## III.
### DISCUSSION

The Court first addresses Chrysler's Motion to Dismiss before turning to Mr. Nino's filings.

**A. Motion to Dismiss**

Chrysler argues that Mr. Nino's lawsuit is barred under the doctrine of res judicata because one year prior to filing this lawsuit, Mr. Nino filed a nearly identical lawsuit, which was dismissed on the merits. [*Nino II*, Filing No. 24.] Mr. Nino did not respond before the deadline, and to-date has not filed a response to Chrysler's Motion.

The doctrine of res judicata precludes the same parties from re-litigating claims already decided on the merits in a prior action. *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001). Res judicata extends to those claims that could have been raised in the

prior action, but were not. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000). To prevail, the party asserting res judicata must establish (1) identity of the claims; (2) identity of the parties; and (3) a final judgment on the merits. *Ross ex. rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

First, Chrysler, the party invoking res judicata, must establish that the new case seeks to litigate identical claims from the previous case. Two claims are treated as identical for the purposes of res judicata if they arose out of the same transaction; that is, if they are based on the same, or nearly the same, factual allegations. *Id.* (citing *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)). This determination requires a factual inquiry, meaning that two claims based on different legal theories are still treated as one if they are based on the same factual allegations. *Herrmann*, 999 F.2d at 226. The key question is whether the cases "rely on the same fundamental transaction or series of transactions." *Ross ex. rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

In *Nino I*, filed in 2016, Mr. Nino filed a complaint alleging that he was wrongly terminated from his employment by defendant "Chrysler" after he "complained about an American flag hung backwards," and because he was falsely accused of calling a co-worker a "monkey." [*Nino I*, Filing No. 1 at 1-2.] In this case, *Nino II*, filed in 2017, Mr. Nino's complaint alleges that he was wrongly terminated from his employment by defendant "Chrysler FCA US LLC" based on a false accusation that he called a co-worker a "monkey." [*Nino II*, Filing No. 1 at 1-2.]

These two complaints are based upon the same sequence of factual allegations: (1) that Mr. Nino was falsely accused of calling a coworker a derogatory name, and (2) that Mr. Nino was retaliated against for complaining about the way a flag was displayed. Though not explicitly addressed in Chrysler's Motion, Mr. Nino's December 2017 complaint additionally references

5

false accusations of assault which were not included in his November 2016 complaint. But insofar as Mr. Nino included this statement as an additional basis for wrongful termination against Chrysler, it arises out of the same sequence of events litigated in *Nino I*, and therefore could have been raised in that case. As the Seventh Circuit has explained, the fact that Mr. Nino's two complaints may differ in minor respects is irrelevant, given that both *Nino I* and *Nino II* are based upon the same sequence of events leading to an allegedly wrongful termination. *See Ross ex. rel. Ross*, 486 F.3d at 283. Chrysler has demonstrated that the claims in this case share an identity with the claims brought in *Nino I*.

Second, Chrysler must establish an identity of the parties. Both complaints were filed by plaintiff, Mr. Luis Javier Nino. Both complaints refer to the defendant as "Chrysler" (though *Nino II* provides Chrysler's name as "Chrysler FCA US LLC"), and both complaints list the defendant's address as 3660 U.S. Highway 31, Kokomo, Indiana 46901. By all appearances, Mr. Nino is seeking to litigant his claims from *Nino I* against the same party. Chrysler has therefore established that the parties in this matter are identical to those from *Nino I*.

Finally, Chrysler must establish that the first, identical matter ended in a final judgment. A final judgment on the merits is a judgment "based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) (quoting *Fairmont Aluminum Co. v. Comm'r*, 222 F.2d 622, 625 (4th Cir. 1955)). A judgment that determines that a plaintiff has no cause of action is a final judgment on the merits. *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) (citing Restatement (First) of Judgments § 49 (1942)).

Mr. Nino's 2016 complaint ended in a final judgment on the merits when it was dismissed on December 21, 2016 for failure to state a cause of action. [*Nino I*, Filing No. 5.] This judgment

was reaffirmed when Mr. Nino's motion for reconsideration was denied for failing to articulate why the court's dismissal was incorrect. [*Nino I*, Filing No. 8.] Chrysler has therefore established that *Nino I* ended with a final judgment on the merits.

Because Chrysler has established that Mr. Nino previously litigated identical claims against an identical party in a case that ended in a final judgment, Chrysler has established that Mr. Nino's claims in this case are precluded under the doctrine of res judicata. Chrysler is entitled to judgment as a matter of law under Federal Rule of Civil Procedure 12(b)(6), and the Court therefore **GRANTS** Chrysler's Motion to Dismiss. [*Nino II*, Filing No. 24.]

### B. Mr. Nino's Motions

Also pending before the Court are Mr. Nino's Motion for Leave to Proceed In Forma Pauperis, [*Nino II*, Filing No. 28], and Motion for Assistance with Recruiting Counsel, [*Nino II*, Filing No. 29]. Mr. Nino was previously granted leave to proceed in forma pauperis by order dated December 6, 2016. [*Nino II*, Filing No. 4.] The Court therefore **DENIES** as duplicative Mr. Nino's renewed Motion for Leave to Proceed In Forma Pauperis.

Finally, Mr. Nino's Motion for Assistance with Recruiting Counsel, [*Nino II*, Filing No. 29], must also be denied for two reasons. First, Mr. Nino unreasonably delayed moving for assistance with obtaining counsel for nine months after filing his Complaint and for two months after Chrysler filed its Motion to Dismiss. Moreover, the Court at several status conferences reminded Mr. Nino of his obligation to comply with Court orders and deadlines. "[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break . . . ." *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993). Mr. Nino's excessive delay, waiting until well after his response to Chryler's Motion to Dismiss was due, means that he is not entitled to Court-recruited counsel.

Second, Chrysler's res judicata defense is not the type of issue for which counsel would have been of assistance. Mr. Nino was in possession of all of the facts relevant to Chrysler's Motion (his previous complaint and litigation in *Nino I*), so Mr. Nino did not require counsel for the purpose of conducting additional discovery or investigation. In the final analysis, the clear applicability of Chrysler's res judicata defense confirms the inappropriateness of expending the Court's limited resources in recruiting counsel for Mr. Nino. *See Dewitt v. Corizon Inc.*, 760 F. 3d 654, 657 (7th Cir. 2014). The Court therefore **DENIES** Mr. Nino's Motion for Assistance with Recruiting Counsel for this additional reason. [*Nino II*, Filing No. 29]

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Chrysler's Motion to Dismiss [24] and **DENIES** Mr. Nino's Motion for Leave to Proceed In Forma Pauperis [28] and Motion for Assistance with Recruiting Counsel [29]. Final judgment will issue accordingly.

Date: 9/28/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LUIS JAVIER NINO
P.O. Box 442
Bunker Hill, IN 46914

Zachary A. Ahonen
JACKSON LEWIS PC (Indianapolis)
zachary.ahonen@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
padgettm@jacksonlewis.com